IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**SHANNON GREGG**, as Parent and
Legal Guardian for Michael Gilley, a
minor,

       Plaintiff,

       v.                                             Civil Action No. 3:08-CV-144

**UNITED STATES OF AMERICA** and
**CITY HOSPITAL, INC.**,

       Defendant.

**MEMORANDUM ORDER GRANTING MOTION TO AMEND
ANSWER TO ADD CROSS-CLAIM AND DENYING AS MOOT
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Pending before this Court are Defendant City Hospital, Inc.'s Motion to Amend Answer to Add Crossclaim against the Co-Defendant United States of America (Doc. 34) and Defendant City Hospital, Inc.'s Conditional Motion for Leave to File a Third-Party Complaint against the United States of America (Doc. 54).

This is a medical malpractice action against City Hospital, Inc. ("City Hospital") and the United States, which is representative of Shenandoah Valley Medical System, Inc., Shenandoah Maternity Center, H. Alexander Wanger, M.D. and Lori GoForth, C.N.M., alleging that the defendants were negligent causing serious injury to Michael Gilley.

The United States filed a motion to dismiss seeking to be dismissed from the action on the basis that the plaintiff failed to file a claim against the United States within the time

1

period set forth in 28 U.S.C. § 2401(b) (Doc. 31).  This Court ultimately determined that issues of fact precluded a determination of the motion based upon the existing record and denied the motion as premature (Doc. 57).

During the pendency of the United States' motion to dismiss, co-defendant City Hospital filed the pending motions, seeking to assert a cross-claim and third party complaint against the United States for indemnity and contribution.  The United States has resisted the motions on the basis that the United States has not waived its sovereign immunity with respect to the cross-claim or third party complaint.

Title 28, United States Code § 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  **The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim**.

(emphasis added).

According to the clear statutory language, City Hospital was not required to present an administrative claim to the United States before asserting a cross-claim or third party complaint.

In ***Keleket X-Ray Corp. v. United States***, 275 F.2d 167 (D.C. Cir. 1960), the District of Columbia Circuit considered a case in which the plaintiff's personal injury claim against the United States was dismissed for failure to file an administrative claim under 28 U.S.C.

2

§ 2401(b). Co-defendant Keleket filed a cross-claim for contribution, which was dismissed by the district court. The circuit court reversed the dismissal and held the cross-claim to be proper. This Court finds no basis upon which to distinguish *Keleket*.

Similarly, in *Kelly v. Full Wood Foods, Inc.*, 111 F.Supp.2d 712, 715 (D. Md. 2000) (Motz, J.), the District Court stated that "[u]nder the FTCA, the United States is liable for the acts and omissions of its agents that are tortious under the law of the place where the act or omission occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Norton v. United States*, 581 F.2d 390, 394 (4th Cir. 1978). This waiver of sovereign immunity extends to contribution claims that are viable under relevant state law. *See United States v. Yellow Cab Co.,* 340 U.S. 543, 548 (1951)."

"[E]ven if the Plaintiffs' suit against the United States is now barred by the FTCA, Defendants may prove that the United States 'at some time was liable with [Defendants] for damage.' *Keleket X-Ray Corp. v. United States*, 275 F.2d 167, 169 (D.C. Cir. 1960). Contribution from the United States is, therefore, not precluded by the existence of a statute of limitations defense against Plaintiffs." *Kelly*, at 716.

Cases discussing third party complaints against the United States are in accord. *See Thompson v. Wheeler*, 898 F.2d 406 (3d Cir. 1990); *Hassan v. Louisiana Dept. of Transp. & Development*, 923 F.Supp. 890 (W.D. La. 1996); *Federal Deposit Ins. Corp. v. Miller*, 781 F.Supp. 1280 (N.D. Ill. 1991); *Jackson v. Southeastern Pennsylvania Transp. Auth.*, 727 F.Supp. 965 (E.D. Pa. 1990); *Thornton v. Town of Hull*, 515 F.Supp. 715 (D. Mass. 1981); *Globig v. Greene & Gust Co.*, 184 F.Supp. 530 (D. Wis. 1960); *Boerger v. Commerce Ins. Services*, 2005 WL 3440632 (D. N.J. 2005).

3

Inasmuch as this Court finds that a cross-claim by City Hospital against the United States is barred neither by sovereign immunity nor by the failure to assert an administrative claim, the Court will **GRANT** Defendant City Hospital, Inc.'s Motion to Amend Answer to Add Crossclaim against the Co-Defendant United States of America **(Doc. 34)**. Inasmuch as Defendant City Hospital, Inc.'s Conditional Motion for Leave to File a Third-Party Complaint against the United States of America **(Doc. 54)** was made conditional on the United States being dismissed, which did not occur, the same is **DENIED AS MOOT**.

**SO ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** May 7, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE