IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HUGH AND CHERYL BOHRER, as
Legal Guardians for M.G.
A minor, under the age of Eighteen

        Plaintiff,

v.                                                                           Civil Action: 3:08-CV-144
                                                                                           (Chief Judge Bailey)

CITY HOSPITAL, INC., et al.,

        Defendant.

## MEMORANDUM, OPINION, AND ORDER GRANTING DEFENDANT REASONABLE EXPENSES

On September 10, 2009 came the above named Plaintiff, by Barry Nace and Jonathan Nace, via telephone, and the above named Defendants by Matthew Moriarty and Karl Beckeny, via telephone, and Helen Campbell Altmeyer, in person for an evidentiary hearing and argument on Defendant's Motion for Protective Order.[1] Testimony was not taken, and no other evidence was introduced. Thereafter, Defendant's Motion for Protective Order was granted,[2] and Plaintiff was given an opportunity to be heard on the awarding of reasonable expenses and sanctions on November 12, 2009.[3]

## I. INTRODUCTION

---

[1] Doc. No. 126.

[2] Doc. No. 132, 142.

[3] Doc. No. 166.

1

A.  Background

Plaintiff filed this action on behalf of her minor child on September 22, 2008, under the Federal Tort Claims Act alleging negligence by Defendants causing permanent injuries to the minor child at birth. Defendant, United States of America, alleges Plaintiff set the deposition of Defendant's expert physician without prior consultation and Defendant's expert is not available the day Plaintiff scheduled his deposition.

B.  The Motion

    Defendant's Motion for Protective Order.

C.  Decision

    Defendant United States of America is **AWARDED** reasonable expenses as hereinafter set forth.

## II.  FACTS

1.  On August 19, 2009, Robert Clancy, M.D., ("Dr. Clancy") was designated as an expert witness for Defendant.

2.  On August 19, 2009, Defendant filed a Motion to Dismiss for Lack of Jurisdiction.[4]

3.  On August 19, 2009, Plaintiff filed Certificate of Service for Notice of Deposition of Robert Clancy, M.D.[5] No date was indicated on the Certificate.

4.  On August 28, 2009, Plaintiff filed Certificate of Service for Amended Notice of

---

[4] Doc. No. 101.

[5] Doc. No. 103.

Deposition of Robert Clancy, M.D.[6] No date was indicated on the Certificate.

5. On September 1, 2009, Plaintiff filed Motion to Extend Time for Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Until the Close of Discovery.[7]

6. On September 3, 2009, Defendant filed Motion for Protective Order.[8]

7. On September 10, 2009, this Court held a hearing on Defendant's Motion for Protective Order.[9]

8. On September 10, 2009, the District Court granted Plaintiff's Motion to Extend Time for Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Until the Close of Discovery.[10]

9. On September 14, 2009, this Court issued an Order Confirming Pronounced Order of the Court Granting Motion for Protective Order as Framed Temporarily and Setting a Process for the Deposition to be Set.[11]

10. On September 18, 2009, Plaintiff filed Response to Defendant U.S.' Motion for Protective Order and Objection to the Court's Order.[12]

---

[6] Doc. No. 110.

[7] Doc. No. 114.

[8] Doc. No. 118.

[9] Doc. Nos. 126, 134.

[10] Doc. No. 127.

[11] Doc. No. 132.

[12] Doc. No. 137.

11. On September 22, 2009, Defendant filed Reply of Defendant United States to Plaintiff's Response to the Motion for Protective Order and Objections to the Court's Order.[13]

12. On October 14, 2009, this Court issued an Order Affirming the Order Confirming Pronounced Order of the Court Granting Plaintiff's Motion for Protective Order as Framed Temporarily and Setting Opportunity to be Heard.[14]

13. On October 28, 2009, Defendant filed an Affidavit in Support of Recovery of Reasonable Fees and Expenses Associated with its Motion for Protective Order.[15]

14. On November 11, 2009, Plaintiff filed Objections to Defendant's Affidavit of Costs.[16]

15. On November 12, 2009, Plaintiff was given an Opportunity to be Heard as to why reasonable expenses should not be awarded.[17]

### III. DISCUSSION

Fed. R. Civ. P. 26(c)(1)(B) permits a party to seek a protective order for the Court to specify the terms of discovery - including time and place. When a dispute arises as to the location of a deposition, the Court has broad discretion to designate a time and place. Brasfield v. Source Broadband Services, LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008). This discretion is "derived from Rule 26(c), which allows a court, for good cause, to issue protective orders in

---

[13] Doc. No. 138.

[14] Doc. No. 142.

[15] Doc. No. 152.

[16] Doc. No. 165.

[17] Doc. No. 166.

4

order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. (citing, Fed. R. Civ. P. 26(c)(1); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1987 n. 13, 167 L.Ed.2d 929 (2007)).

Rule 26 incorporates Rule 37, governing the imposition of expenses and sanctions for discovery violations, by expressly stating "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Rule 37 of the Federal Rules of Civil Procedure governs imposition of expenses and sanctions for discovery violations. If the motion is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The court must not order this payment if the movant filed the motion before attempting in good faith to resolve the discovery issue without court action, the opposing party's action was substantially justified, or other circumstances exist that make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendant's Motion for Protective Order was granted; therefore, the Court must award reasonable expenses, including attorneys fees, after giving Plaintiff an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A) unless Defendant failed to confer, Plaintiff's actions were substantially justified, or other circumstances exist to make an award unjust.

Plaintiff was given an Opportunity to be Heard on November 12, 2009.[18] Plaintiff made no claim that Defendant failed to confer in good faith before seeking court action or that other circumstances exist to make an award unjust. Plaintiff did claim that his actions were

---

[18] Doc. No. 166.

5

substantially justified because Defendant did not provide alternative dates for a deposition. Additionally, Plaintiff argued that the time spent on the Motion for Protective Order was excessive.

Defendant designated Dr. Clancy as an expert witness on August 19, 2009.[19] On that same day, Defendant filed a renewed Motion to Dismiss,[20] and Plaintiff filed a Certificate of Service for a Notice of Deposition of Robert Clancy, M.D.[21] On August 28, 2009, Plaintiff filed a Certificate of Service for an Amended Notice of Deposition of Dr. Clancy.[22] In her Motion for Protective Order filed on September 3, 2009,[23] defense counsel includes two exhibits: a certification that defense counsel attempted to confer in good faith with Plaintiff's counsel by providing dates for the deposition of Dr. Clancy,[24] and an email exchange between counsel for Plaintiff and Defendant.[25]

The email exchange shows that defense counsel did provide alternate dates for Dr. Clancy's deposition, contrary to Plaintiff's assertion. The email clearly states that "Dr. Clancy is

---

[19] Doc. No. 99.

[20] Doc. No. 101.

[21] Doc. No. 103. The certificate does not indicate date, time, or location for the deposition.

[22] Doc. No. 110. The certificate does not indicate date, time, or location for the deposition.

[23] Doc. No. 118.

[24] Doc. No. 118, Ex. 1.

[25] Doc. No. 118, Ex. 2.

6

not available on 9/14. He is available on 10/7 and 10/9."[26] Counsel for Plaintiff then responds, in an email dated September 1, 2009, stating that "[o]ffering October 7 and 9th, only weeks after I began seeking dates for him [Dr. Clancy] is not acceptable. Those depos will go forward on those dates and times that they have been subpoenaed and noted for."[27] A swift read of Plaintiff's counsel's emails demonstrate that it was not his finest hour; he simply rejected Defendant's dates out of hand and made no response. Plaintiff's counsel had a duty to pick one of the provided dates or give alternatives - not reply by essentially forcing the Defendant's hand. These actions alone demonstrate that reasonable expenses should be awarded.

Counsel for Plaintiff claims that they have followed the rules and did nothing wrong in this case. Fed. R. Civ. P. 30(b)(1) states that parties wanting to "depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition . . . ." This Court has previously found that Plaintiff's counsel provided insufficient notice;[28] therefore, Plaintiff's counsel has not complied with the Rules. Defense counsel provided alternative dates for Dr. Clancy's depositions after determining that Dr. Clancy was not available on the date noticed. It was only after Plaintiff's counsel refused to confer that Defendant filed its Motion for Protective Order. Clearly, counsel for Plaintiff has not followed all the rules in this case.

Counsel for Plaintiff also argued the unreasonableness of Defendant's Affidavit of

---

[26] Doc. No. 118, Ex. 2.

[27] Doc. No. 118, Ex. 2.

[28] Doc. No. 132, 142.

7

Costs.[29]  In doing so, Plaintiff cites no authority to suggest that defense counsel's time or costs were unreasonable.

## IV. DECISION

Reasonable expenses must be awarded because counsel for Defendant provided dates for the deposition of Dr. Clancy and attempted to reach an amicable solution to the scheduling problem.  Counsel for Plaintiff made no response on alternative dates.  Counsel for Plaintiff provided no valid justification for his failure to offer alternative dates.  It would be unjust not to award expenses when Counsel for Plaintiff made no attempt to provide alternative dates for the deposition.  Further, the time spent and rate charged are reasonable.

Defendant United States of America is **GRANTED** reasonable expenses.  Counsel for the Plaintiff shall pay Defendant United States, within two weeks of the date of this Order, the sum of One Thousand One Hundred Fifty Five Dollars (**$1,155.00**) for reasonable expenses incurred in relation to the Motion for Protective Order.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to

---

[29] Plaintiff essentially read his Objections to Defendant's Affidavit of Costs (Doc. No. 165) arguing that Defendant's time spent performing legal research, talking to Dr. Clancy, reviewing the Rules of Professional Conduct, reading previously filed documents, and writing the motion were unnecessary and unreasonable.

appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: November 18, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE