THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HUGH and CHERYL BOHRER,**
as Parent and Legal Guardian
for M.G., a Minor,

    Plaintiffs,

v.                                               Civil Action No. 3:08-CV-144
                                                       (BAILEY)

**CITY HOSPITAL, INC., and**
**UNITED STATES OF AMERICA,**

    Defendants.

## ORDER

Pending before this Court are defendant's Motion for Protective Order (Doc. 118), Order Affirming Order Confirming Pronounced Order of the Court Granting Motion for Protective Order as Framed Temporarily and Setting Opportunity to be Heard (Doc. 142), plaintiffs' Objections to Judge Seibert's October 14, 2009 Order (Doc. 155), Memorandum Opinion and Order Granting Defendant Reasonable Expenses (Doc. 179), plaintiffs' Objections to Judge Seibert's November 18, 2009 Order (Doc. 189), plaintiffs' Motion to Recuse Magistrate Judge Seibert and to Vacate Referral (Doc. 153), Memorandum Opinion and Order Denying Motion to Recuse (Doc. 178), and plaintiffs' Objections to Magistrate's Order Refusing to Recuse Itself; Motion to Reconsider Said Ruling; Motion to Strike Scandalous, Scurrilous and Demeaning Portions of the Magistrate's Order and Supplement to the Pending Motion to Vacate the Magistrate's Order and Referral to the Magistrate (Doc. 186).

1

**Procedural History**

On August 19, 2009[1], the Government filed its Designation of Expert Witnesses (Doc. 99), designating Robert Clancy, M.D. as its expert in the field of pediatric neurology. Dr. Clancy is a professor of neurology and pediatrics at the University of Pennsylvania School of Medicine and is employed by the Children's Hospital of Philadelphia.

On the same day, the plaintiff noticed the deposition of Dr. Clancy for Martinsburg, West Virginia, for September 14, 2009, without ascertaining whether the doctor was available on that date. An Amended Notice of Deposition changed the location of the deposition to Philadelphia. Upon receipt of the deposition notices, counsel for the Government contacted Dr. Clancy to find out whether he was available. Upon learning that the doctor was not available on that date, counsel contacted plaintiff's counsel and offered other dates when he would be available, albeit in October. The plaintiff refused to change the deposition date, resulting in the Government filing a Motion for Protective Order (Doc. 118) on September 3, 2009.

On September 8, the Motion for Protective Order was referred to Magistrate Judge Seibert (Doc. 119), who set the Motion for telephonic hearing on September 10, 2009. After the hearing, Magistrate Judge Seibert issued an Order Confirming Pronounced Order of the Court Granting Motion for Protective Order as Framed Temporarily and Setting a Process for the Deposition to be Set (Doc. 132). On October 14, 2009, the Magistrate Judge issued an Order Affirming Order Confirming Pronounced Order of the Court Granting

---

[1] The Court notes that under the Scheduling Order (Doc. 26), the Government's designation of experts was not due until November 15, 2009. Under the Scheduling Order, discovery is to be completed by January 31, 2010.

Motion for Protective Order as Framed Temporarily and Setting Opportunity to be Heard (Doc. 142).

On October 28, 2009, the plaintiffs[2] filed Objections to Judge Seibert's October 14, 2009 Order (Doc. 155). In their Objections, the plaintiffs cite as grounds (1) that the Magistrate Judge improperly placed the burden of proof on the Motion for Protective Order on the plaintiffs; and (2) that Magistrate Judge Seibert should be recused from hearing this matter.

On the same day, the plaintiffs filed a Motion to Recuse Magistrate Judge Seibert and to Vacate Referral (Doc. 153). This Motion seeks Judge Seibert's recusal based upon a number of allegations, including (1) that Government counsel's husband represents Oglebay Institute, of which Magistrate Judge Seibert is President; (2) Judge Seibert assisted in the 1984 congressional campaign of Government counsel's brother in law; (3) Judge Seibert's wife has "a relationship" with defense counsel; (4) defense counsel's husband performed legal services for Magistrate Judge Seibert's sister; and (5) there is a fractious relationship between Judge Seibert and defense counsel.

On November 17, after an evidentiary hearing, Judge Seibert issued a Memorandum Opinion and Order Denying Motion to Recuse (Doc. 178). The next day, Judge Seibert issued a Memorandum Opinion and Order Granting Defendant Reasonable Expenses (Doc. 179), emanating from the Motion for Protective Order.

On November 25, 2009, the plaintiffs filed Objections to Magistrate's Order Refusing to Recuse Itself; Motion to Reconsider Said Ruling; Motion to Strike Scandalous, Scurrilous

---

[2] On September 4, 2009, this Court entered an Order (Doc. 117), substituting Hugh Bohrer and Cheryl Bohrer as representative plaintiffs in the place of Shannon Gregg.

and Demeaning Portions of the Magistrate's Order and Supplement to the Pending Motion to Vacate the Magistrate's Order and Referral to the Magistrate (Doc. 186).

On November 30, 2009, the plaintiffs filed their Objections to Judge Seibert's November 18, 2009 Order (Doc. 189).

Finally, on the same date, Magistrate Judge Seibert issued his Order Denying Motion for Reconsideration (Doc. 191).

**The Motion to Compel**

Rule 72(a) of the Federal Rules of Civil Procedure states that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."  This Court has carefully reviewed and considered all of the filings in this case, including the transcripts of the various hearings, and cannot state that the Magistrate Judge's ruling is clearly erroneous or contrary to law.  Contrary to the plaintiffs' assertions, Judge Seibert did not place the burden of proof on the Motion to Compel on the plaintiffs.  Rather, having found that the setting of the deposition without obtaining an agreeable date and refusing to change the date when presented with suitable alternatives constituted grounds for granting the Motion, he required the plaintiffs to present a justification for their position.

The only other ground asserted by the plaintiffs in their objections to the October 14, 2009, Order is that Judge Seibert should be recused in this case.  As noted below, this Court does not find any colorable ground justifying Judge Seibert's recusal in this case.

This Court has also reviewed the award of reasonable expenses (Doc. 179), as well as the objections thereto (Doc. 189), and finds that the ruling is not clearly erroneous or contrary to law.

## The Motion to Recuse

As noted above, this Court finds no ground justifying Judge Seibert's recusal in this case. This Motion seeks Judge Seibert's recusal based upon a number of allegations, including (1) that Government counsel's husband represents Oglebay Institute, of which Magistrate Judge Seibert is President; (2) Judge Seibert assisted in the 1984 congressional campaign of Government counsel's brother in law; (3) Judge Seibert's wife has "a relationship" with defense counsel; (4) defense counsel's husband performed legal services for Magistrate Judge Seibert's sister; and (5) there is a fractious relationship between Judge Seibert and defense counsel.

With respect to the first allegation, it is simply not true. Plaintiffs' counsel may be confused about the difference between Oglebay Park and Oglebay Institute, but that confusion does not change the facts. This Court has personal knowledge that the two entities are entirely different and that Ms. Altmeyer's husband's law firm does not and has not represented Oglebay Institute. Furthermore, Magistrate Judge Seibert, while still on the Board, has not been President for a number of years.

The second ground is simply not sufficient. While Judge Seibert may have participated in defense counsel's husband's brother's congressional campaign twenty-five years ago, such is simply not a reason for recusal.

The next ground proffered is that there is some nebulous relationship between counsel and Judge Seibert's wife. As was noted in Judge Seibert's decision, Ms. Altmeyer and Mrs. Seibert are merely social acquaintances who have never been the guest of each other at their homes or any other place. This nebulous allegation is wholly insufficient to require recusal.

5

The plaintiffs next allege that defense counsel's husband performed some legal work for Judge Seibert's sister, Sue Seibert Farnsworth, a Wheeling lawyer. No specifics are given, and the affidavit of James Gardill states that the firm has never represented Ms. Farnsworth.

Finally, the plaintiffs allege that there is a fractious relationship between plaintiffs' counsel and Judge Seibert. As noted by the Fourth Circuit, "remarks made 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" **United States v. Lentz**, 524 F.3d 501, 530 (4th Cir. 2008) *quoting* **Liteky v. United States**, 510 U.S. 540, 555 (1994). This Court finds absolutely nothing in the record which would indicate that Magistrate Judge Seibert's impartiality might reasonably be questioned.

As noted in **Lentz**, a judge is not "required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation." 524 F.3d at 530, *quoting* **United States v. Cherry**, 330 F.3d 658, 665 (4th Cir. 2003).

**Motion to Strike**

In their Objections to Magistrate's Order Refusing to Recuse Itself; Motion to Reconsider Said Ruling; Motion to Strike Scandalous, Scurrilous and Demeaning Portions of the Magistrate's Order and Supplement to the Pending Motion to Vacate the Magistrate's Order and Referral to the Magistrate (Doc. 186), the plaintiffs object to certain comments made by Judge Seibert during the hearing. Primary among these is the comment that Judge Seibert, when counsel cannot agree upon a date, time, and place for a deposition, that he "Googles" counsel he does not know to find out whether counsel is young and

inexperienced and does not know better or whether counsel is old and experienced and is playing games. In this case, he noted that counsel is old and experienced and inferred that counsel was playing games.

This Court finds no fault in the Magistrate Judge taking into consideration the experience level of counsel in determining a remedy for a discovery violation. A young lawyer who has not been properly mentored is surely less culpable than an experienced lawyer who should, and presumably does, know better.

Counsel then accuses defense counsel of consistently doing everything on the last day. Yet the designation of experts was filed on August 19, 2009, while it was not due until November 15, 2009. Counsel then questions why the Government waited four months to file a second dispositive motion. Such an argument overlooks the fact that this Court, in its April 28, 2009, Order Denying United States' Motion to Dismiss (Doc. 57) found the first motion to be premature and held that discovery was warranted on the issue of plaintiff's knowledge to determine whether plaintiff's action against the United States was barred by the statute of limitations.

This Court could go on and parse all of the allegations and misstatements made by plaintiffs' counsel in the Motion, but it would do no good. This Court will deny the Motion.

### Conclusion

For the foregoing reasons, this Court rules as follows:

1. The Motion for Protective Order (Doc. 118) is **GRANTED**;

2. The Order Affirming Order Confirming Pronounced Order of the Court Granting Motion for Protective Order as Framed Temporarily and Setting Opportunity to be

Heard (Doc. 142) is **AFFIRMED**;

3. Plaintiffs' Objections to Judge Seibert's October 14, 2009 Order (Doc. 155) are **OVERRULED**;

4. The Memorandum Opinion and Order Granting Defendant Reasonable Expenses (Doc. 179) is **AFFIRMED**;

5. Plaintiff's Objections to Judge Seibert's November 18, 2009 Order (Doc. 189) are **OVERRULED**;

6. Plaintiffs' Motion to Recuse Magistrate Judge Seibert and to Vacate Referral (Doc. 153) is **DENIED**;

7. The Memorandum Opinion and Order Denying Motion to Recuse (Doc. 178) is **AFFIRMED**; and

8. Plaintiffs' Objections to Magistrate's Order Refusing to Recuse Itself; Motion to Reconsider Said Ruling; Motion to Strike Scandalous, Scurrilous and Demeaning Portions of the Magistrate's Order and Supplement to the Pending Motion to Vacate the Magistrate's Order and Referral to the Magistrate (Doc. 186) are **OVERRULED** and **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE